Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff,
GEGHAM MARGARYAN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEGHAM MARGARYAN, as an individual, on behalf of himself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. PEPPER SNAPPLE GROUP, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Breach of Express Warranty<br>2. Breach of Implied Warranty<br>3. Common Law Fraud<br>4. Intentional Misrepresentation<br>5. Negligent Misrepresentation<br>6. Violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*;<br>7. Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*<br>8. Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*<br>9. Quasi Contract/Restitution/Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, GEGHAM MARGARYAN ("Margaryan" or "Plaintiff") brings this class action, as an individual, on behalf of himself, all others similarly situated, and the general public, by and through Plaintiff's attorneys, against Defendants, DR. PEPPER SNAPPLE GROUP, INC. ("Dr. Pepper" or "Defendant"), a Delaware Corporation, and DOES 1 through 10, inclusive, alleges and affirmatively states as follows:

# INTRODUCTION

1.  Plaintiff brings this action on behalf of himself, and all other similarly situated persons residing in California and/or the United States who purchased Canada Dry Ginger Ale sold by Defendants, Dr. Pepper and DOES 1 through 10.

2.  At all times relevant herein, Dr. Pepper has sold a beverage named "Canada Dry Ginger Ale" ("Class Product"), which represents to consumers that this beverage is ginger ale, i.e. a soft drink containing ginger. Dr. Pepper also uses the phrase "Made from Real Ginger" in labeling and marketing Canada Dry Ginger Ale, further representing that the beverage contains ginger. However, despite its name, Canada Dry Ginger Ale does *not* contain any ginger. Independent laboratory testing has confirmed this fact.

3.  Defendants Dr. Pepper and DOES 1 through 10 collectively, designed, manufactured, distributed, marketed, and sold the Class Product with such a deceptive name.

4.  Although Dr. Pepper knew from the very start of the distribution and sale of the Class Product that it did not contain the ingredient ginger, which was part of the descriptive name of the product, it distributed the Class Product with such descriptive name in the United States in order to make it more attractive to consumers.

5.  In reasonable reliance on the representations made in the descriptive name of Canada Dry Ginger Ale and the phrase "Made from Real Ginger" on the labels, Plaintiff and other consumers purchased the product, believing it contained ginger as advertised.

Had Plaintiff and other consumers known that Canada Dry Ginger Ale did not contain ginger, they would not have purchased the beverage or would have paid significantly less for it. Plaintiff and other consumers have suffered injury from Defendants' deception.

## PARTIES

6.    Plaintiff Gegham Margaryan is and was at all times relevant herein an individual residing in Los Angeles County, California. Plaintiff Margaryan purchased a package of Ginger Ale, which was manufactured, sold or otherwise delivered to Plaintiff Margaryan without containing ginger and as described herein.

7.    Plaintiff appears in this action on behalf of himself, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in his capacity as a private attorney general.

8.    Defendant, Dr. Pepper is a Delaware Corporation, which is licensed to do business, and is doing business throughout the United States, with its principal place of business located at 5301 Legacy Drive, Plano, Texas 75024. Dr. Pepper transacts business in Los Angeles County, California, and at all relevant times developed, promoted, marketed, distributed, and/or sold the Class Product, throughout the United States, including California. Defendant Dr. Pepper has significant contacts with the State of California by transacting business in this state.

9.    Plaintiff is informed and believes, and based thereon alleges that Defendants DOES 1 through 10 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

10.    Plaintiff is unaware of the true names of Defendants DOES 1 through 10. Plaintiff sues said defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for

the events and allegations set forth in this Complaint.

11.  Plaintiff is informed, believes, and based thereon alleges that at all relevant times, each Defendant was a developer, producer, distributor and seller of Class Products, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes, and based thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about said deceptively named beverage, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.  As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Dr. Pepper and DOES 1 through 10.

12.  At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

13.  Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## JURISDICTION AND VENUE

14.  This is a class action.

15.  On information and belief, aggregate claims of individual Putative Class Members exceed $5,000,000.00, exclusive of interest and costs.

16.  Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 subd. (d).

17.  Dr. Pepper and DOES 1 through 10 developed, designed, manufactured, distributed, and sold the Class Product, placing it in the stream of commerce and maintaining sufficient contacts in the Central District of California such that jurisdiction over the person is proper.

18.  Defendants are deemed to reside in this district pursuant to 28 U.S.C. § 1391.

19.  Venue is proper in this District under 28 U.S.C. § 1391 subd. (a).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF MARGARYAN

20.  On April 24, 2017, Plaintiff Margaryan purchased a package of Canada Dry Ginger Ale from a local Vons supermarket in Glendale, California.

21.  Plaintiff Margaryan purchased the Class Product while reasonably believing that it contained ginger. Plaintiff Margaryan's belief was based on reasonable reliance on Defendant's representations that the product was ginger ale, and was in fact "Made from real Ginger." Plaintiff's reasonable belief was based on Dr. Pepper's misrepresentations on its packaging.

22.  Had there been an adequate disclosure that Canada Dry Ginger Ale did not contain ginger, Plaintiff Margaryan would have learned that the Class Product lacked ginger.

23.  Subsequent to his purchase, Plaintiff Margaryan learned about the lack of ginger in Canada Dry Ginger Ale, stopped purchasing and drinking Canada Dry Ginger Ale, retained counsel, and on May 18, 2017 sent a "Notice of Violation of the California Consumer Legal Remedies Act" to Dr. Pepper.

24.  Had Plaintiff Margaryan known that the Class Product did not contain ginger, he would not have purchased the Class Product, and would have purchased other products that contained ginger from the competitors of Dr. Pepper, or would have paid significantly less for it. Therefore, Plaintiff Margaryan suffered injury in fact and lost money as a result of purchasing the Class Product.

## ALLEGATIONS COMMON TO PLAINTIFF AND CLASS MEMBERS

25.  Dr. Pepper develops, distributes, markets, advertises and sells the beverage Canada Dry Ginger Ale in the United States.

26.  Dr. Pepper has a system of distribution throughout the United States, through which it distributes, markets, advertises, and sells Dr. Pepper branded goods, including Canada Dry Ginger Ale. Canada Dry Ginger Ale is a staple product sold in many supermarkets, grocery stores, and bars.

27.  Ginger ale is a carbonated soft drink made with ginger. The dry style of ginger ale was created by a Canadian pharmacist and chemist John McLaughlin in 1904. Canada Dry is a brand of soft drinks owned since 2008 by Defendant Dr. Pepper.

28.  Ginger (*Zingiber officinale*) is a flowering plant whose rhizome, "ginger root" or simply "ginger," is widely used as a spice and as a medicine. Ginger has a long history of use for relieving digestive problems such as nausea, loss of appetite, motion sickness, and pain.[1]

29.  Ginger's medicinal benefits can be tied to gingerols and shogaols, naturally occurring molecular compounds that exist in ginger root.[2] Independent testing showed that Canada Dry Ginger Ale does not contain even trace amounts of these compounds, despite Dr. Pepper's claims that it is "Made with Real Ginger."

30.  At all relevant times herein, Dr. Pepper produced, distributed, marketed, advertised and sold Canada Dry Ginger Ale, with the beverage name that contains the word "ginger," but does not in fact contain ginger.

31.  At all relevant times, Canada Dry Ginger Ale is and has been deceptively named, in that it does not include ginger.

32.  Defendant Dr. Pepper, as the producer, distributor, and seller of Canada Dry

---

[1] Ware, Megan, RDN, LD, *Ginger: Health Benefits, Facts, Research*, MEDICAL NEWS TODAY (Jan. 5, 2016), http://www.medicalnewstoday.com/articles/265990.php.

[2] Ken Tanaka et. al., *Analysis of Chemical Properties of Edible and Medicinal Ginger by Metabolomics Approach*, 15 BIOMED RESEARCH INTERNATIONAL (2015), https://www.hindawi.com/journals/bmri/2015/671058/#B19.

CLASS ACTION COMPLAINT
GEGHAM MARGARYAN v. DR. PEPPER SNAPPLE GROUP, INC., ET AL.

Ginger Ale, had exclusive knowledge about the lack of ginger in the Class Product prior to start of distribution and sale of the beverage because Dr. Pepper formulated and produced Canada Dry Ginger Ale.

33. Defendant Dr. Pepper, thus, knew that Canada Dry Ginger Ale did not contain ginger before Plaintiff and putative class members purchased the Class Product.

34. Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly situated.

35. Even though Dr. Pepper knowingly produced Canada Dry Ginger Ale that did not contain ginger, it distributed and marketed the Class Product without disclosing the lack of ginger in the product to Plaintiff and the Class Members.

36. Even worse, Dr. Pepper intentionally used the word "Ginger" in the naming of the Class Product and marketed the Class Product as "Ginger Ale" with an intent to deceive consumers into believing that the Class Product contained ginger.

37. At all times relevant herein, Dr. Pepper continually used the name containing the word "Ginger" in the names of the Class Product on the signs in product displays, advertisements, and elsewhere.

38. In addition to the product name, Dr. Pepper used the slogan "Made from Real Ginger" on the Class Product packaging, further representing to the consumers that the Class Product was a true ginger ale.

39. Further, Dr. Pepper actively concealed the fact that Canada Dry Ginger Ale lacked ginger by using replacement flavors to mimic the flavor of ginger in the Class Product and to further deceive Plaintiff and the putative class members.

40. Dr. Pepper had a duty to disclose the lack of ginger in Canada Dry Ginger Ale, because it had exclusive knowledge about the lack of ginger in the Class Product from sources not reasonably discoverable by Plaintiff and the putative class members, because Dr. Pepper actively concealed the fact that Canada Dry Ginger Ale lacked ginger, and because Dr. Pepper affirmatively misrepresented to Plaintiff and putative class members

that Canada Dry Ginger Ale contained ginger by intentionally using the word "Ginger" in the naming of product and the slogan "Made from Real Ginger" in the packaging, and made some disclosures about the ingredients of Canada Dry Ginger Ale, but failed to



make an adequate disclosure that the Class Product did not contain ginger.

*Fig. 1 – Canada Dry bottles similar to those purchased by Mr. Margarian prominently displaying "Made from Real Ginger" and "Ginger Ale."*

41.     Plaintiff and the putative class members reasonably relied on said misrepresentations and the fraudulent concealment of the fact that Canada Dry Ginger Ale did not contain ginger, because Dr. Pepper used a number of replacement ingredients to produce flavors similar to ginger in the Class Product to further deceive the Plaintiff and putative class members. Based on information and belief, ginger is a more expensive

-8-

CLASS ACTION COMPLAINT
GEGHAM MARGARYAN V. DR. PEPPER SNAPPLE GROUP, INC., ET AL.

ingredient than the replacement ingredients that Dr. Pepper used to deceive the consumers.

42. The fact that Canada Dry Ginger Ale does not contain ginger is material because it is related to the contents of a consumable good and because reasonable consumers are likely to be influenced by the lack or presence of ginger in deciding whether to purchase this product.

43. Plaintiff and the putative class members suffered economic damage because they were deprived of the benefit of their bargain since they would not have purchased Canada Dry Ginger Ale had they known about the lack of ginger and would have purchased ginger ales produced by Dr. Pepper's local and national competitors such as Bundaberg or Reed's, which contain ginger.

44. Plaintiff is informed and believes and thereon alleges that Defendants' practice in using the word "Ginger" in the name of Canada Dry Ginger Ale that lacks ginger, and failure to adequately disclose that it lacks ginger impacts the competition between Dr. Pepper and other local or national beverage makers that produce similar products and either use the word "Ginger" only in those products which include ginger, or refrain from using the word "Ginger" in the naming of their beverages. This practice gives Dr. Pepper a competitive advantage over other businesses operating in the same market.

45. Canada Dry Ginger Ale from Dr. Pepper, thus, is not the same quality as that generally accepted in the trade of consumables that do contain real ginger, is of poor or below average quality within the description of "Ginger Ale" and/or did not conform to the affirmations of fact made by Dr. Pepper in its labeling of the Class Product as "Ginger Ale."

46. Plaintiff and the putative class members suffered economic harm because Canada Dry Ginger Ale they purchased is unmerchantable and is worth less than what they paid/pay for it.

47. Plaintiff and the putative class members suffered economic harm because they bargained for and paid for "Ginger Ale" meant to include ginger, however they received

the Class Product that only had replacement flavors as substitute for ginger.

48.    Dr. Pepper continues its unfair, fraudulent and unlawful practice as alleged herein. Plaintiff and the Class Members will never know whether "Ginger Ale" they are purchasing from Dr. Pepper has ginger based on the name of the product.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

49.    This action seeks financial compensation for members of the Class in connection with their purchase of Canada Dry Ginger Ale.  Plaintiffs do not seek: (i) damages for personal, bodily, or emotional injury or wrongful death; or (ii) damages for becoming subject to liability or legal proceedings by others.

50.    This action has been brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other applicable law by Plaintiff on behalf of himself and a Class as defined as follows:

(1)    *National Class*: The Class that Plaintiff seeks to represent ("National Class") is defined to include all persons and entities within the United States who purchased or will purchase Canada Dry Ginger Ale, on or after Defendant placed Canada Dry Ginger Ale into the stream of commerce. Excluded from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(2)    *California Subclass*: The Class that Plaintiff seeks to represent ("California Subclass") consists of all persons and entities who purchased or will purchase Canada Dry Ginger Ale in California, on or after the date Defendant placed Canada Dry Ginger Ale into the stream of commerce. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also

excluded is any trial judge who may preside over this case.

(3) *California Consumer Subclass*: The Class that Plaintiff seeks to represent ("California Consumer Subclass") consists of all members of California Subclass that acquired Canada Dry Ginger Ale for personal, family, or household purposes.

51. There is a well-defined community of interest in the litigation, and the proposed class is ascertainable:

a. *Common Questions Predominate*: Common questions of law and fact exist as to all class members, and predominate over any questions that effect only individual members of the class, if there are any individual questions. The common questions of law and fact include, but are not limited to:

1) Whether Canada Dry Ginger Ale was of a poor or inferior quality within the description of "ginger ale;"

2) Whether Defendants knew of the lack of ginger in Canada Dry Ginger Ale;

3) Whether Defendants violated California consumer protection statutes;

4) Whether Defendants breached their express warranties;

5) Whether Defendants breached their implied warranties;

6) Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers, by either failing to disclose the lack of ginger in Canada Dry Ginger Ale or misrepresenting that Canada Dry Ginger Ale contained ginger;

7) Whether Defendants failed to adequately disclose the lack of ginger in Canada Dry Ginger Ale;

8) Whether the name of Canada Dry Ginger Ale was deceptive;

9) Whether the packaging of Canada Dry Ginger Ale was deceptive;

10) The nature and extent of Defendants' implied warranty of merchantability for Canada Dry Ginger Ale;

11) Whether the nondisclosure of lack of ginger is an unlawful, unfair and/or "fraudulent" business act or practice within the meaning of the Business and Professions Code §§ 17200 et seq.;

12) Whether Defendants had a duty to Plaintiff and the Class to disclose the lack of ginger in Canada Dry Ginger Ale;

13) Whether Defendants knew or reasonably should have known about the lack of ginger in Canada Dry Ginger Ale;

b. *Typicality*: Plaintiff's claims are typical of the claims of the class members. Plaintiff and the class members sustained the same types of damages and losses.

c. *Numerosity and Ascertainability*: The classes are so numerous, thousands, if not millions of persons, that individual joinder of all class members is impractical under the circumstances. The class members can be ascertained by, among other things, sales records and by responses to methods of class notice permitted by law. Further, the Ninth Circuit has held that demonstrating the existence of "administratively feasible" means of identifying class members is not a prerequisite to class certification.[3]

d. *Adequacy*: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the class. The interests of the Plaintiff are coincident with, and not antagonistic to, those other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel, who are competent and experienced in handling complex and class action litigation on behalf of consumers.

e. *Superiority and Substantial Benefit*: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying

---

[3] Briseno v. ConAgra Foods, Inc., 844 F.3d 1121, 1133 (9th Cir. 2017).

adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## TOLLING OF STATUTE OF LIMITATIONS

52.    Any applicable statutes of limitation have been equitably tolled by Dr. Pepper's affirmative acts of fraudulent concealment, suppression and denial of the true facts regarding the existence of the lack of ginger alleged herein.  Such acts of fraudulent concealment include, but are not limited to intentionally covering up and refusing to publically disclose that Canada Dry Ginger Ale lacks ginger.  Through such acts of fraudulent concealment, Dr. Pepper was able to actively conceal from the public for years the truth about the lack of ginger, thereby tolling the running of any applicable statute of limitations.

53.    Defendants are estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein, concerning the lack of ginger in Canada Dry Ginger Ale. Defendants were, at all times, aware of the lack of ginger as described herein but at all times continued to sell and market Canada Dry Ginger Ale using the word "Ginger" in its name and the slogan "Made from Real Ginger" in its packaging despite this knowledge.

# FIRST CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### *(California Subclass)*

54.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

55.    Plaintiff brings this cause of action on behalf of himself and on behalf of California Class.

56.    Dr. Pepper used the word "Ginger" in the naming of Canada Dry Ginger Ale.

57.    Dr. Pepper's naming of Canada Dry Ginger Ale was false representation of fact, which was known by the Defendants to be untrue at the time it was made and was intended to create reliance.

58.    Dr. Pepper's naming of Canada Dry Ginger Ale, thus created express warranties that Canada Dry Ginger Ale would contain ginger.

59.    Dr. Pepper also used the slogan "Made from Real Ginger" on its product packaging for Canada Dry Ginger Ale, which also created express warranties that Canada Dry Ginger Ale would contain ginger.

60.    Dr. Pepper breached the express warranties by selling Canada Dry Ginger Ale, which lacks ginger.

61.    Dr. Pepper's breach caused injury to Plaintiff and Putative Class Members, because Plaintiff and Putative Class Members did not get the benefit of their bargain, which included, *inter alia*, an actual ginger ale.

62.    Defendants have and continue to breach their express warranties as alleged herein, because Canada Dry Ginger Ale lacks ginger at the time of sale.

63.    As a result of Defendants' breach of express warranties as set forth above, Plaintiff and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

*(California Subclass)*

64.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

65.    Plaintiff brings this cause of action on behalf of himself and on behalf of California Class.

66.    Canada Dry Ginger Ale is a produced good.

67.    The transactions by which the putative class members purchased Canada Dry Ginger Ale were transactions for the sale of goods and at all times relevant, Dr. Pepper was the seller of Canada Dry Ginger Ale and placed these products into the stream of commerce throughout the United States, including California.

68.    Plaintiff and putative class members purchased Canada Dry Ginger Ale from authorized retailers of Dr. Pepper products.

69.    Canada Dry Ginger Ale came with an implied warranty that the beverage and any parts thereof was merchantable, was the same quality as those generally accepted in the trade, was not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Dr. Pepper.

70.    Canada Dry Ginger Ale, however, was a non-conforming good and/or good that was not the same quality as those generally accepted in the trade, was of poor or below average quality within the description and/or did not conform to the affirmations of fact disseminated by Dr. Pepper because it lacked ginger.

71.    Canada Dry Ginger Ale, at all times relevant herein was not the same quality as those generally accepted in the trade, because other local and national businesses selling similar products to the same market either use ginger in products that have the word "Ginger" in their name, or refrain from using the word "Ginger" in the names of products that lack ginger.

72.    Canada Dry Ginger Ale, at all times relevant herein, was of poor or below

average quality within the description of "ginger ale" provided by Dr. Pepper.

73.     Canada Dry Ginger Ale, at all times relevant herein, did not and does not have the quality that a buyer would reasonably expect.

74.     As a direct and proximate result of the foregoing, Plaintiff and all the other Putative Class Members sustained loss and damage and did not receive the benefit of their bargain.

## THIRD CAUSE OF ACTION
## COMMON LAW FRAUD
### *(National Class)*

75.     Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

76.     Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all subclasses.

77.     Defendants represented that they were selling ginger ale to Plaintiff and putative class members.

78.     Defendants knew that Canada Dry Ginger Ale was not a ginger ale as it did not contain ginger.

79.     Defendants made the representation that they were selling ginger ale to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase Canada Dry Ginger Ale.

80.     Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of ginger in deciding whether to purchase these products.

81.     Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling ginger ale.

82.     In reliance on Defendants' representation that the Class Product was ginger ale, Plaintiff and putative class members purchased Canada Dry Ginger Ale.

83.    As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased Canada Dry Ginger Ale had they known that it was not a true ginger ale and did not contain ginger, or would have paid significantly less for it.

## FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
### *(National Class)*

84.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

85.    Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all subclasses.

86.    Defendants intentionally represented that they were selling ginger ale to Plaintiff and putative class members.

87.    Defendants knew that Canada Dry Ginger Ale was not ginger ale as it did not contain ginger.

88.    Defendants made the representation that they were selling ginger ale to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase Canada Dry Ginger Ale.

89.    Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of ginger in deciding whether to purchase these products.

90.    Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling ginger ale.

91.    In reliance on Defendants' representation that the Class Product was a true ginger ale, Plaintiff and putative class members purchased Canada Dry Ginger Ale.

92.    As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased Canada Dry Ginger Ale

had they known that it was not ginger ale and did not contain ginger, or would have paid significantly less for it.

# FIFTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### *(National Class)*

93.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

94.    Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all subclasses.

95.    Defendants represented that they were selling ginger ale to Plaintiff and putative class members.

96.    Defendants had no reasonable grounds to believe that Canada Dry Ginger Ale was actually ginger ale, because it did not contain ginger.

97.    Defendants intended for Plaintiff and putative class members to rely on their representations about their product.

98.    Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of ginger in deciding whether to purchase these products.

99.    Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling ginger ale.

100.    In reliance on Defendants' representation that the Class Product was ginger ale, Plaintiff and putative class members purchased Canada Dry Ginger Ale.

101.    As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased Canada Dry Ginger Ale had they known that it was not ginger ale and did not contain ginger, or would have paid significantly less for it.

# SIXTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT
## CIVIL CODE § 1750 *et seq.*

### *(California Consumer Subclass)*

102.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

103.    Plaintiff brings this cause of action on behalf of himself and on behalf of the California Consumer Class.

104.    Canada Dry Ginger Ale is "goods" within the meaning of Civil Code § 1761(a).

105.    Defendants are "persons" as defined by Civil Code § 1761(c).

106.    Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

107.    The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

108.    At all times relevant herein, Dr. Pepper knowingly used the word "Ginger" in the name of Canada Dry Ginger Ale with an intent to misrepresent the lack of ginger in the Class Product. Furthermore, Dr. Pepper knowingly used the slogan "Made from Real Ginger" in the Class Product packaging with the same intent.

109.    The representations that Class Product was ginger ale were material, because they related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of ginger in deciding whether to purchase these products.

110.    At all times relevant herein, Dr. Pepper provided said representations to the entire class by using the word "Ginger" in the name of Canada Dry Ginger Ale, and displayed it on the signs in product displays, advertisements, and elsewhere.

111.    As alleged herein, Dr. Pepper knew that said representation was false.

112.    Plaintiff and the Class Members who purchased the Class Product in reliance on Defendant's representation were harmed, because they would not have purchased Canada Dry Ginger Ale had they known that it did not contain ginger, or would have paid significantly less for it.

113.    Defendants have violated the CLRA in at least the following respects:

   a.  In violation of Civil Code § 1770(a)(5), Defendants have represented that Canada Dry Ginger Ale has characteristics and benefits that it does have;

   b.  In violation of Civil Code § 1770(a)(7), Defendants have represented that Canada Dry Ginger Ale is of a particular standard, quality, or grade when it is not;

   c.  In violation of Civil Code § 1770(a)(9), Defendants have advertised Canada Dry Ginger Ale without an intent to sell it as advertised; and

   d.  In violation of Civil Code § 1770(a)(18), Defendants have represented that Canada Dry Ginger Ale was supplied in accordance with previous representations when it was not.

114.    Defendants' deceptive acts alleged herein occurred in the course of selling a consumer product and Defendants have done so continuously through the filing of this Complaint.

115.    As a direct and proximate result of Defendants' violation of Civil Code § 1770 *et seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary losses entitling them to both injunctive relief and restitution.  Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable under the CLRA.

116.    Defendants' wrongful conduct, as set forth above, was willful, oppressive, and malicious.

117.    Pursuant to Civil Code § 1782, Plaintiff provided notice to Defendants at least thirty days prior to filing this action for damages.

118.    Defendants failed to make the showing required by Civil Code § 1782(c).

119.    As a result, Plaintiff seeks actual damages for violation of the CLRA.  In addition, pursuant to Civil Code § 1782(a)(2), Plaintiff and members of the class are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under Civil Code § 1780.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW

## BUSINESS AND PROFESSIONS CODE §§ 17200 *et seq.*

*(California Subclass)*

120.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

121.    Plaintiff brings this claim on behalf of himself, California Subclass, and the general public in his representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

122.    Plaintiff asserts these claims as he is a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq.*

123.    Plaintiff has standing to bring this claim on behalf of himself and others similarly situated pursuant to California Business and Professions Code § 17200 *et seq,* because Plaintiff suffered injury-in-fact, *inter alia,* because he would not have purchased

Canada Dry Ginger Ale had he known that it did not contain ginger, or he would have paid significantly less for it.

124.    Dr. Pepper had exclusive knowledge of the fact that Canada Dry Ginger Ale did not contain ginger.

125.    The lack of ginger in Canada Dry Ginger Ale is material as alleged herein.

126.    Dr. Pepper had a duty to disclose the lack of ginger in Canada Dry Ginger Ale as alleged herein.

127.    Dr. Pepper did not disclose the lack of ginger in Canada Dry Ginger Ale as alleged herein.

128.    Dr. Pepper actively concealed the lack of ginger from Plaintiff and the Putative Class Members.

129.    Dr. Pepper intended to deceive Plaintiff and Class Members by concealing the lack of ginger, motivated by market share and profit margin.

130.    At all relevant times herein, Dr. Pepper affirmatively used the word "Ginger" in the name of Canada Dry Ginger Ale, and intentionally used substitute ingredients to create flavors similar to ginger, knowingly misrepresenting that Canada Dry Ginger Ale contained ginger. Based on information and belief, ginger is more expensive than the substitute ingredients that Dr. Pepper used to deceive the consumers.

131.    At all times relevant herein, Dr. Pepper displayed the name of Canada Dry Ginger Ale on the signs in product displays, advertisements, and elsewhere.

132.    At all times relevant herein, Dr. Pepper used the slogan "Made from Real Ginger" on the packaging of Canada Dry Ginger Ale.

133.    Ordinary consumers would not have recognized the fact that Canada Dry Ginger Ale lacked ginger, because of the deceptive naming of the Class Product and the flavors similar to ginger. Thereby, consumers were likely to be deceived.

134.    Plaintiff and Class Members relied on Dr. Pepper's nondisclosure and affirmative misrepresentations and purchased Canada Dry Ginger Ale and were damaged as alleged herein.

135.    Dr. Pepper's conduct, as fully described herein, constitutes acts of untrue and misleading advertising and is, by definition, violation of California Business and Professions Code § 17200 *et seq.*  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

136.    These advertisements, due to the national scope and extent of Defendants' multi-media campaign, were uniformly made to all members of the class. Class members' acts of purchasing Canada Dry Ginger Ale were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue, or the benefit of the bargain, which was material; had Plaintiff and the putative class known differently as to the lack of ginger in Canada Dry Ginger Ale, they would not have purchased the Class Product, or would have paid significantly less for it.

137.    Dr. Pepper's misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave these Defendants an unfair competitive advantage over their competitors who do either use the more expensive real ingredients or do not use deceptive names for their similar products.

138.    On the basis of balancing the welfare of the community and public interest, the utility to Dr. Pepper is *de minimis*, so that the conduct of Dr. Pepper is morally reprehensible, unethical and unscrupulous. Dr. Pepper's practice is offensive to public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

139.    The acts, omissions, misrepresentations, practices and non-disclosures of Defendants as alleged herein constitute unlawful, unfair and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

140.    The acts, omissions, misrepresentations, practices, non-disclosures and/or concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the United

States and in California.

141.    The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Dr. Pepper, as fully described herein, present a continuing injury to Plaintiff and putative class members as alleged herein.

142.    As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiff and others similarly situated who purchased Canada Dry Ginger Ale.

143.    Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seek an order of this Court enjoining Dr. Pepper from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL.

144.    In addition to the relief requested in the Prayer below, Plaintiff seek the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 *ET SEQ*.
*(California Subclass)*

145.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

146.    Plaintiff brings this claim on behalf of himself, California Subclass, and the general public in his representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17500 *et seq.* ("FAL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

147.    FAL makes it unlawful for any person, firm, corporation or association, or any

employee thereof, with intent directly or indirectly to dispose of personal property to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any advertising device, or by public outcry or proclamation, or in any other manner or means whatever any statement, concerning that real or personal property which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

148. Defendants are persons, firms, corporations or associations, or employees of thereof.

149. Canada Dry Ginger Ale is personal property.

150. Defendants made statements to the public, including Plaintiff and putative class members, concerning the Class Product, stating that Class Product was ginger ale, with an intent to dispose of the Class Product.

151. The statements that the Class Product was ginger ale were untrue or misleading.

152. The statements that the Class Product was ginger ale was known by Defendants to be untrue, or by the exercise of reasonable care should have been known to be untrue or misleading.

153. Defendant, thus, violated and continues to violate FAL, has, and continues to obtain money from Plaintiff and putative class members.

154. Plaintiff requests restitution of the moneys paid by him and putative class members, disgorgement of profits made by Defendants as a result of the foregoing.

## NINTH CAUSE OF ACTION
## QUASI CONTRACT/RESTITUTION/UNJUST ENRICHMENT
### *(National Class)*

155. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

156.    Plaintiff brings this cause of action on behalf of himself and on behalf of National Class, including all subclasses.

157.    Defendants intentionally and recklessly made misrepresentations and concealed facts about the Class Product to Plaintiff and the putative class members with an intent to induce them to purchase Class Product.

158.    In reliance on Defendants' misrepresentations and concealment, Plaintiff and the putative class members believed that Canada Dry Ginger Ale contained ginger.

159.    Plaintiff and the putative class members made monetary payments to Defendant Dr. Pepper to purchase the Class Product, through an authorized retailer.

160.    Defendants were unjustly enriched by any payments Plaintiff and the putative class members made to Defendants, directly or indirectly, that resulted from the misrepresentations and concealment.

161.    Therefore, Plaintiff and the putative class members are entitled to restitution based on the quasi contract between Plaintiff and the putative class members and Defendants, and each of them.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and also on behalf of the general public, pray for judgment against all Defendants as follows:

A.  An order certifying the Class, sub-classes and appointing Plaintiff and their counsel to represent the Class and sub-Classes;

B.  For actual damages, if adequate;

C.  For any additional and consequential damages suffered by Plaintiff and the Class;

D.  For statutory damages in an amount of not less than $1,000 per Plaintiff or Class member pursuant to California Civil Code § 1780(a)(1);

E.  For restitution, as appropriate;

CLASS ACTION COMPLAINT
GEGHAM MARGARYAN v. DR. PEPPER SNAPPLE GROUP, INC., ET AL.

F.  For statutory pre-judgment interest;

G.  For reasonable attorneys' fees and the costs of this action;

H.  For an order enjoining Defendant from selling Canada Dry Ginger Ale;

I.  For an order enjoining Defendant from using the word "ginger" in the name of Canada Dry Ginger Ale and from using the slogan "Made from Real Ginger" in the Class Product's packaging.

J.  For declaratory and/or equitable relief under the causes of action stated herein; and

K.  For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.


Dated: July 14, 2017            THE MARGARIAN LAW FIRM
                                801 North Brand Boulevard, Suite 210
                                Glendale, California 91203


                                By:   /s/ Hovanes Margarian
                                    Hovanes Margarian, Esq.
                                    Attorney for Plaintiff,
                                    Gegham Margaryan and all others similarly situated.

CLASS ACTION COMPLAINT
Gegham Margaryan v. Dr. Pepper Snapple Group, Inc., et al.

## DECLARATION OF GEGHAM MARGARYAN PURSUANT TO CIVIL CODE § 1780(d)

I, Gegham Margaryan, declare as follows:

1.    I am the Plaintiff in this action. I have personal knowledge of the matters set forth below and if called upon as a witness could and would competently testify thereto.

2.    I am informed and believe that venue is proper in this court pursuant to Civil Code § 1780(d) based on the foregoing:

   a.    Defendant DR. PEPPER SNAPPLE GROUP, INC. is doing business in Los Angeles County, CA and within the Central Judicial District of California.

   b.    The transaction complained herein occurred in Los Angeles County, CA and within the Central Judicial District of California.

   WHEREFORE, I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed on ___*July 11*___, 2017, at Glendale, California.

Gegham Margaryan